**Brunner v. Ritchey**

394

C.P. of Allegheny County, No. GD-12-017122

*Frederick B. Goldsmith*, for plaintiff.
*Scott E. Becker*, for defendant Scott Jack Ritchey.
*Douglas J. Stipanovich*, for defendant Colussy Chevrolet, Inc.
*Edward A. Yurcon*, for defendant Pittsburgh Bottle Shop Cafe, Inc.
*Alan S. Miller*, for Travelers Property Casualty Co.

WETTICK, *J.*, Oct. 6, 2014—The question before me is whether, in a personal injury action, plaintiffs are entitled to a protective order that prohibits counsel for defendants from furnishing plaintiffs' confidential records to the insurance companies that are insuring defendants unless the insurance companies agree to either destroy or return the confidential records to counsel upon completion of the litigation. The insurance companies state that Pennsylvania law requires insurance companies to keep all information for several years.

Melanie S. Brunner and Samantha B. Brunner were injured when a truck driven by defendant Scott Jack Ritchey ran a red light and broadsided the automobile driven by Melanie Brunner. Ritchey's blood alcohol level was .215. He pleaded guilty to various DUI-related criminal offenses.

Defendants are Ritchey, Colussy Chevrolet, Inc. (which owned the pickup truck Ritchey was driving), and Pittsburgh Bottle Shop Cafe, Inc. (the bar that allegedly served Ritchey while visibly intoxicated).

Samantha Brunner alleges that she suffered a severe

concussion with attendant migraine headaches that continue to this day and a myriad of other symptoms. She has been a patient of a UPMC concussion specialist since the accident.

The complaint alleges that Melanie Brunner sustained neck and shoulder injuries, headaches, pain, nausea, right leg pain and contusions to her right leg, and also underwent mental health counseling for traumatic stress disorder. The complaint alleges that the accident triggered a PTSD response as a result of a tragic accident she witnessed at age seven in which her five-year old brother was struck and killed by an automobile.

Through discovery requests, defendants seek medical bills and records relating to the care and treatment of Melanie Brunner and Samantha Brunner; the complete medical and psychiatric bills and records from providers; the complete employment records of Samantha Brunner; and all school records of Samantha Brunner for the past five years. I refer to these records as plaintiffs' confidential records.

Plaintiffs are prepared to furnish these confidential records to defendants under a confidentiality agreement that requires defense counsel, the insurance companies who insure defendants, and others receiving the confidential records from defense counsel, such as experts, to return or destroy these records within fourteen days after the case is resolved.

It appears that defendants and their counsel will agree to return (or destroy) the records at the conclusion of the litigation. Furthermore, if they were refusing to do so, I would, through a protective order, condition plaintiffs' obligation to produce these confidential records on the

promise of defendants to return (or destroy) the records at the conclusion of the litigation. I would do so because defendants are seeking confidential information which is in the possession, custody, or control of plaintiffs. In order to pursue this lawsuit, the discovery rules compel plaintiffs to produce relevant confidential information to defendants' counsel solely for the purpose of defending the case. Pa.R.C.P. No. 4003.1. Neither defendants nor their attorneys may use the confidential records for any purpose other than for defense of the litigation. Consequently, in order to ensure that information is only used for litigation, plaintiffs are entitled to the return (or destruction) of the confidential records at the conclusion of the litigation.

The argument that defendants and their counsel cannot be required to return (or destroy) the confidential records furnished by plaintiffs in the absence of "good cause shown," within the meaning of Pa.R.C.P. No. 4012(a), has no merit. Plaintiffs' privacy interests are furthered by the return (or destruction) of the confidential records, and defendants have no interest that the law recognizes in exercising possession, custody, or control over the confidential records following completion of the litigation.

While the insurance carriers wish to question a ruling that the rules of discovery require a party who has received confidential records to return the records upon completion of the litigation, they have no standing to do so because they are not parties to the litigation. Even if counsel for defendants was selected by and is being compensated by the insurance company, the insurance company is a stranger to this litigation. *See* Comment 11 to Rule 1.8 of the Rules of Professional Conduct.

If in this case counsel for defendants chooses not to

engage in discovery, the insurance company has no standing to challenge that decision. If in this litigation defendants' counsel chooses not to turn over to the insurance company confidential records received by defendants, the insurance company has no standing to intervene. If in this case defendants agree to a court order conditioning the ability of defendants to furnish confidential records to third persons, including insurance carriers, on the promise of the third persons to return (or destroy) the documents at the conclusion of the litigation, the insurance carriers would have no standing to object. This is equally true if a court, over the opposition of defendants, enters a court order conditioning the turning over of the confidential records to the insurance companies on the insurance companies' agreement to return the documents to defendants' counsel upon conclusion of the litigation.

The insurance companies have no right to possession, custody, or control of the confidential records. Consequently, the insurance companies have no standing to complain about any court order directing defendants to furnish plaintiffs' confidential records only to persons who have an interest in the litigation and who agree, prior to the receipt of the records, to return or destroy the records upon completion of the litigation.

This means that if the insurance companies, for whatever reason, do not agree to turn over to counsel or to destroy the records at the conclusion of the litigation, defendants cannot allow the insurance companies to have custody of the records. Instead, defendants must use an alternative means of describing the confidential information that does not result in plaintiffs' confidential records ending up in the insurance companies' records.

The insurance companies contend that they should not be compelled to return (or destroy) plaintiffs' confidential records because, according to the insurance companies, the following legislation (40 P.S. § 323.3(a)) prohibits them from doing so:

(a) Every company or person subject to examination in accordance with this act must keep all books, records, accounts, papers, documents and any or all computer or other recordings relating to its property, assets, business and affairs in such manner and for such time periods as the department, in its discretion, may require in order that its authorized representatives may readily verify the financial condition of the company or person and ascertain whether the company or person has complied with the laws of this Commonwealth.

I question whether 40 P.S. § 323.3(a) bars the insurance companies from returning (or destroying) plaintiffs' confidential records because these may not be records that relate to "financial condition of the company or person" or records relevant to "whether the company or person has complied with the laws of this Commonwealth." Furthermore, the General Assembly would not have intended for 40 P.S. §323.2(a) to trump the Rules of Civil Procedure governing discovery because, under the Pennsylvania Constitution, Art. 5 §10, procedure is a matter for the courts.

Finally, even assuming that 40 P.S. §323.2(a) would require the insurance companies to preserve any confidential records of plaintiffs that are in their possession, custody, or control, my ruling that through a confidentiality order all persons receiving plaintiffs' confidential records must agree, prior to receipt, to return (or destroy) the records

at the conclusion of the litigation does not conflict with 40 P.S. §323.3(a). This legislation does not authorize insurance companies to obtain information from third parties; it only covers records that come into the possession of the insurance companies. The discovery rules, on the other hand, may protect the privacy interests of litigants by limiting the persons who may receive confidential information produced in discovery to those who agree to return (or destroy) plaintiffs' personal records.

For these reasons, I enter the following order of court:

## ORDER OF COURT

On this 6th day of October, 2014, it is hereby ordered that plaintiffs' motion for entry of protective order is granted, and within twenty (20) days, the parties shall submit to this court an agreed-upon protective order consistent with the rulings made in the opinion accompanying this order of court.